UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - MOTION TO DISMISS

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I. INTRODUCTION

On August 4, 2015, plaintiff Robert Garber, proceeding *pro se*, filed the instant action against defendants the United States of America, the Department of Health and Human Services ("HHS"), Roland Giedraitis ("Dr. Giedraitis"), Grace Hardy ("Dr. Hardy"), and the Northeast Valley Health Corporation ("NVHC"). Dkt. 1. On October 28, 2015, the United States Attorney for the Central District of California filed a notice of substitution indicating that the United States of America was the appropriate defendant in this case. Dkt. 16. Accordingly, on November 3, 2015, the Court ordered the caption in this case corrected to name only the United States of America as the defendant in this action. Dkt. 22. On November 18, 2015, plaintiff filed a Second Amended Complaint ("SAC"), in which he asserts claims for (1) medical malpractice; (2) negligence; and (3) aiding and abetting. Dkt. 29[1]. In brief, plaintiff alleges that between 2011 and 2014, he

---

[1] Plaintiff continues to name Dr. Giedraitis, Dr. Hardy, NVHC, and HHS as defendants in his filings, despite this Court's order correcting the caption to name only the United States of America as the defendant in this case. In his opposition to defendant's motion, plaintiff argues that "the caption should be left as Plaintiff states it." Opp. at 3. However, the United States Attorney has certified NVHC and its employees as federal employees acting within the course and scope of their employment with the Public Health Service of the United States. Dkt. 16. Under the Federal Tort Claims Act, the United States may defend all claims against employees of the Public Health Service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

sustained injuries as a result of negligent dental care performed by Dr. Giedraitis and Dr. Hardy at the NVHC.

On December 1, 2015, defendant filed a motion to dismiss plaintiff's third claim for aiding and abetting, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 30. On December 10, 2015, plaintiff filed an opposition, Dkt. 31, and on January 11, 2016, defendant filed a reply. Dkt. 32. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The SAC alleges the following facts:  In or around 1976, plaintiff received a removable upper denture, and had been using it since then without issue. SAC ¶ 10. On or about October 13, 2011, plaintiff visited NVHC, in San Fernando, California, in order to pick up his denture, which had been sent to a lab to have an extra tooth installed. Id. ¶ 13. Dr. Giedraitis instructed plaintiff to clench his jaws in order to push the denture back in, which caused the denture's mounts to break. Id. Plaintiff alleges that Dr. Giedraitis, or one of his assistants, had made a faulty impression of his mouth during an earlier visit to NVHC, and that this caused the breakage. Id. Dr. Giedraitis sent the denture back to the lab for repairs. Id. ¶ 14.

On October 20, 2011, plaintiff returned to NVHC to pick up the repaired denture. Id. ¶ 16. Dr. Giedraitis was not working that day, and Dr. Hardy delivered the denture to plaintiff. Id. Plaintiff alleges that the mounting "teeth" on his dentures had been replaced with "wire-clasps" without his consent. Id. Dr. Hardy could not explain the reason for this to plaintiff, nor could Dr. Giedraitis when plaintiff returned to NVHC on October 27, 2011. Id. ¶ 17. Plaintiff subsequently found the fit of his denture unsatisfactory and, starting in December 2013, repeatedly returned to NVHC to have the wire-clasps on his denture adjusted. Id. ¶¶ 18-23. By December 19, 2013, plaintiff had developed an infection in his gums, allegedly from the poorly-fitting clasps on the denture. Id. ¶ 24. Plaintiff continued to return to NVHC to receive treatment for the

---

28 U.S.C. § 2679(a); 42 U.S.C. § 233(a). Plaintiff has alleged no facts contradicting the employment status of NVHC and its doctors. Therefore, the United States of America must properly remain the sole defendant in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

infection, and received antibiotics and pain medication. Id. ¶ 25. On or about January 3, 2014, Dr. Giedraitis declined to provide further treatment to plaintiff. Id. ¶ 26. On January 30, 2014, plaintiff had a meeting with NVHC doctors and staff, and was told that he would have to pay for a new denture himself. Id. ¶ 28. Plaintiff now brings several claims against the United States on the basis of this allegedly negligent dental care.

### III.   LEGAL STANDARD

#### A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).

### IV.   ANALYSIS

Plaintiff's third claim for relief is entitled "aiding and abetting." The United States argues that it has not waived its sovereign immunity as to this claim and, therefore, the Court lacks subject matter jurisdiction to hear this claim. The Court agrees. "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Lane v. Pena, 518 U.S. 187, 192 (1996); see also McCarthy v. United States, 850F.2d 558, 560 (th Cir. 1988) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

     The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity in claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). The statute goes on, however, to except particular causes of action from this waiver, including "assault, battery, . . . misrepresentation, [or] deceit . . . ." 28 U.S.C. § 2680(h); see also Mundy v. United States, 983 F.2d 950, 952 (9th Cir. 1993) ("The FTCA generally waives the Government's sovereign immunity to tort claims, but Congress provided for an express exception to this waiver in 28 U.S.C. § 2680(h) for "any claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract."). The government argues that, in his third cause of action for "aiding and abetting," plaintiff has in effect pled a claim for fraud or misrepresentation, which is therefore barred by virtue of sovereign immunity. Mot., at 4.

     From the SAC and plaintiff's opposition to this motion, it appears that plaintiff is attempting to state a claim against the United States for aiding and abetting the commission of an intentional tort. "California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort. Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." Casey v. U.S. Bank, N.A., 127 Cal. App. 4th 1138, 1144 (2005) (internal quotation omitted). However, any such claim is necessarily based upon the commission of an intentional tort. Gonzales v. Lloyds TSB Bank, PLC, 532 F. Supp. 2d 1200, 1206 (C.D. Cal. 2006) ("The unifying principle under . . . aiding and abetting, is that [defendant's] liability depends upon the actual commission of a tort.") (citing Richard B. LeVine, Inc. v. Higashi, 131 Cal. App. 4th 566, 574 (2005). Moreover, in evaluating whether a particular claim is barred by sovereign immunity, courts look to the conduct on which the claim is based. See also Snow-Erlin v. U.S., 470 F.3d 804, 808 (9th Cir. 2006) ("[I]f the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred. To 'hold otherwise would permit evasion of the substance of [§ 2680(h)'s] exclusion of liability.' "); Mt. Homes, Inc. v. United States, 912 F.2d 352, 356 (9th Cir.1990) ("[W]e look beyond [the party's] characterization to the conduct on which the claim is based."). Thus, to the extent plaintiff is attempting to hold the United States liable for a aiding and abetting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

commission of an excepted tort under section 2680(h), his claim is barred by virtue of sovereign immunity.

Turning to the substance of plaintiff's claim, it appears that he is attempting to hold the United States liable for aiding and abetting the commission of the intentional tort of fraud. In California, fraud requires: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of California, 43 Cal. th 1244, 1255 (2009). The allegations in plaintiff's third claim closely align with these elements.

Plaintiff alleges that Hardy and Giedraitis made several misrepresentations to him. See, e.g., SAC ¶ 68 ("Plaintiff trusted R. Giedraitis' misrepresentations"); Id. ¶ 70 ("Hardy concealed the facts and actual defendants' motive . . . Hardy completely covered up for R. Giedraitis."); Id. ¶ 72 ("Hardy tried to stanch [sic] defendants' liability risk by first intimidating plaintiff; second, by stating that his mouth had changed, as the reason for the [denture's] maloperation [sic]; third that the lab does not do metal-to-metal additions, this negated by the fact that, on orders from R. Giedraitis, the lab had [done metal-to-metal additions.]"). Plaintiff alleges that Hardy and Giedraitis knew that their statements were false and that they made them in order to "dupe" or "trick" him into accepting treatments that were not in his best interest. See, e.g., Id. ¶ 67 ("Giedraitis and laterly [sic] Hardy had expert knowledge of the falsity of the situation they had created."); Id. ¶ 73 ("Hardy fully and personally knew of the concealment"); Id. ¶ 72 ("Hardy tricked Plaintiff by advising him to get a new [denture], when she knew that [plaintiff's] teeth were already loose"). Plaintiff also alleges that he justifiably relied on these representations. See, e.g., Id. ¶ 68 ("Plaintiff trusted R. Giedraitis' misrepresentations and was dupped [sic] to the continued wrongful treatment."); Id. ¶ 70 ("Hardy completely covered up for R. Giedraitis, to which fact plaintiff only became to know after May 20, 2014."). And, plaintiff alleges that he suffered damage as a result of these misrepresentations. See, e.g., ¶ 70 ("Hardy concealed the fact and actual defendants' motives . . . thus wholly contributing to and causing Plaintiff's later personal injury damages."). Finally, plaintiff alleges that HHS and NVHC had full knowledge of Hardy and Giedraitis' conduct in lying to him and "aided and abetted" in this conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

See, e.g., ¶¶ 72, 77. In other words, plaintiff has alleged all of the elements of a claim for aiding and abetting the commission of a fraud.[2]

However, because the United States has not waived its sovereign immunity against claims for fraud or misrepresentation, plaintiff's claim is barred by the doctrine of sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction over this claim and the Court, therefore, GRANTS defendant's motion to dismiss. In addition, the Court notes that this is plaintiff's third complaint in this action. Each of plaintiff's complaints has included the same claim for "aiding and abetting" based on the same allegations of fraud and misrepresentation discussed above. However, as just stated, such a claim is barred under the doctrine of sovereign immunity. Accordingly, it appears that

---

[2] On January 15, 2016, plaintiff filed a document entitled "Motion to Strike Defendant's Motion to Dismiss and Reply to Third Cause of Action." Dkt. 34. This document is, in effect, an improper surreply to defendant's motion to dismiss. In this surreply, plaintiff states that the United States has misrepresented the nature of his "aiding and abetting" claim and that, in reality, he is attempting to assert a claim for aiding and abetting negligence. However, the Court has found no caselaw recognizing a claim for aiding and abetting negligence under California law. And, in every case the Court has found addressing claims for "aiding and abetting" the court has discussed the claim solely in the context of intentional torts. See, e.g., Stubblefield v. City of Novato, 2016 WL 192539, at *7 (N.D. Cal. Jan. 15, 2016) ("California courts have held that a defendant who assists another in committing an *intentional* tort may, in some circumstances, face liability.") (emphasis added); Monaco v. Bear Stearns Companies, Inc., 2011 WL 4059801, at *16 (C.D. Cal. Sep. 16, 2011) (Under California law, "[l]iability may be imposed on one who aids and abets the commission of an *intentional* tort") (emphasis added) (citing Casey, 127 Cal. App. th, at 1144); AngioScore, Inc. v. Tri Reme Medical, Inc., 2015 WL 4040388, at *20 (N.D. Cal. Jul. 1, 2015) (same). Accordingly, to the extent plaintiff is attempting to assert a claim for aiding and abetting negligence, it appears that such a claim is simply not cognizable under California law. And, even if such a claim did exist, plaintiff's third claim is not pled as a claim for aiding and abetting negligence. Rather, as discussed above, the gravamen of plaintiff's third claim is that the United States has aided and abetted the commission of an intentional tort, namely fraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05867-CAS (JPRx) | Date | February 9, 2016 |
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

amendment would be futile and, therefore, the court dismisses plaintiff's third claim for "aiding and abetting" with prejudice.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITH PREJUDICE** defendant's motion to dismiss plaintiff's third claim for "aiding and abetting" pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] In addition, on February 2, 2016, plaintiff filed a request for leave to file a Third Amended Complaint ("TAC"). Dkt. 35. This complaint, however, includes a nearly identical claim for "aiding and abetting" based, yet again, on the allegedly fraudulent conduct of Drs. Giedraitis and Hardy. In addition, plaintiff states that he wishes to add a new defendant, the Dental Board of California. In his proposed TAC, plaintiff describes the Dental Board of California as "a State of California Agency." See Dkt. 35, TAC ¶ 6. However, under the Eleventh Amendment, "agencies of a state are immune from private damage actions or suits for injunctive relief brought in federal court." Aguon v. Commonwealth Ports Auth., 316 F.3d 899, 901 (9th Cir. 2003); see also Yetek v. Dental Bd. of California, 2010 WL 2594543, at *1 (N.D.Cal Jun. 22, 2010) ("[S]uits against state agencies, such as the California Dental Board, are barred by the 11th Amendment."). Accordingly, the Court finds that it would be futile to permit plaintiff to file his TAC, and the Court DENIES plaintiff's request.