UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S REQUEST FOR LEAVE OF COURT TO FILE AN AMENDED COMPLAINT

    Plaintiff, proceeding *pro se*, initiated this action on August 4, 2015. Dkt. 1. Plaintiff filed the operative Second Amended Complaint ("SAC") on November 17, 2015. Dkt. 29. In the SAC plaintiff asserted claims for: (1) medical malpractice; (2) negligence; and (3) aiding and abetting. Id. Defendant, the United States of America, subsequently moved to dismiss plaintiff's third claim for "aiding and abetting" on the grounds that it was barred by the doctrine of sovereign immunity. Dkt. 30. On February 9, 2016, the Court granted defendant's motion with prejudice, Dkt. 36, and on February 23, 2016, defendant filed an answer to plaintiff's SAC, Dkt. 37.

    Plaintiff has now filed a request for leave to file an amended complaint. Dkt. 39.[1] In his request, plaintiff appears to express disagreement with the Court's prior ruling on defendant's motion to dismiss. However, notably, plaintiff states that he is not requesting leave to amend so that he can reassert his claim for "aiding and abetting." See, e.g., id. at 5 ("I DO NOT PLEAD BARRED CLAIMS AS CAUSES OF ACTION") (emphasis in original); Id. at 6 ("The futitily of a farther [sic] amendment stated in the Court's ruling is related to . . . the Court's denial of allowing third cause of action for aiding and abetting, *not for the now required and requested amendment*.") (emphasis added). Accordingly, the Court does not construe plaintiff's request as a motion for reconsideration of its prior ruling or an attempt to reassert plaintiff's now dismissed claim for "aiding and abetting."

---

[1] The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

Instead, it appears that plaintiff believes that several of the allegations in the SAC are inaccurate and need to be corrected in an amended complaint. Plaintiff states: "Many statements in the Complaint and causes of action are now defective. Just as an example, among many others: the dollar amount in the prayer[,] the warranted deletion of the request for punitive damages applicable before to R. Giedraitis and Hardy[,] and deleting prejudgment interest." Id. at 5; see also id. ("I hereby request leave of court to file an amended complaint . . . to amend many statements in the Complaint and causes of action.").

Pursuant to Federal Rule of Civil Procedure 15, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Where leave to amend is requested, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

While leave to amend should be freely given, here the Court finds that the factors cited above weigh strongly against granting plaintiff's request. First, it is not clear what benefit will be served by plaintiff's proposed amendment. Plaintiff does not seek to add any additional claims or change the nature of any of his existing claims.[2] Instead,

---

[2] It appears that plaintiff may wish to amend his complaint to name as defendants Roland Giedraitis and Grace Hardy, in their official and individual capacities, and the California Dental Board. However, the Court has previously explained to plaintiff that the United States Attorney has certified defendants Giedraitis and Hardy as federal employees and thus the United States is the only proper defendant in this action. Dkt. 36, at 1 n.1. And, the Court has already denied plaintiff's attempt to add the California Dental Board as a defendant noting that, as a California state agnecy, it is immune from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

plaintiff states only that certain statements in the complaint are defective and, apparently, need to be cured by amendment. However, plaintiff does not explain how such an amendment will in any way affect the progression of discovery in this case. Moreover, it is not necessary for plaintiff to amend his complaint to proceed with litigating his remaining claims for negligence and medical malpractice. Defendant has not filed a motion to dismiss either of these claims and, in fact, has already filed an answer to plaintiff's SAC. Accordingly, the Court finds that plaintiff's proposed amendment is unnecessary as it will not affect this litigation in any material respect.

Moreover, it is not clear why plaintiff could not have addressed the purported deficiencies in the SAC in any of his earlier amended complaints. Plaintiff has already amended his complaint twice—yet he still contends that there are inaccuracies in his complaint. See also Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir 1994) ("[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint.") (internal quotations and citations omitted). Finally, the Court notes that it would be prejudicial to defendant to permit plaintiff to amend his complaint for a third time and after defendant has already filed an answer to plaintiff's existing complaint.

It is time for this litigation to proceed beyond the pleadings stage, and for these reasons the Court **DENIES** plaintiff's request for leave to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

liability under the Eleventh Amendment. See id. at 7 n.3 (citing Yetek v. Dental Bd. of California, 2010 WL 2594543, at *1 (N.D. Cal Jun. 22, 2010) ("[S]uits against state agencies, such as the California Dental Board, are barred by the 11th Amendment.") (Breyer, J.)). Accordingly, any attempt by plaintiff to add additional parties would appear to be futile.