UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | July 13, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER v. UNITED STATES OF AMERICA, ET AL. | | |

Present: The Honorable          CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present          Not Present

**Proceedings:**          (CHAMBERS) - PLAINTIFF'S MOTION TO DISQUALIFY
MAGISTRATE JUDGE ROSENBLUTH

On July 5, 2016, plaintiff Robert Garber, proceeding *pro se*, filed a motion entitled "Motion Requesting Depositions Costs Shifted to Defendants."  Dkt. 72.  On page 6 of this motion, plaintiff states: "I have a documented belief that Honorable J.P. Rosenbluth is biased against me, therefor [sic] I request my case be handled by a different Magistrate Judge."  Id. at 6.  The Court construes this as a motion to disqualify Magistrate Judge Rosenbluth.

28 U.S.C. § 144 provides for disqualification of a judge whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  Under 28 U.S.C. § 455, judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned."  Id. § 455(a).  The substantive standard for disqualification is the same under both sections 144 and 455:  "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted).

Here, plaintiff states that he has a "documented belief" that Magistrate Judge Rosenbluth is biased against him.  In support of this statement, plaintiff cites to a recent order of Magistrate Judge Rosenbluth denying plaintiff's "Motion of Fraud Upon Court." Dkt. 72, Ex. 11.  In this order, Magistrate Judge Rosenbluth stated that plaintiff had not "timely filed a reply."  Id. at 1.  Plaintiff notes that he did, in fact, file a reply in support of his motion.  However, even assuming that Magistrate Judge Rosenbluth inadvertently overlooked plaintiff's reply, that, in and of itself, would not be sufficient to cause a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | July 13, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER v. UNITED STATES OF AMERICA, ET AL. | | |

reasonable person to question Magistrate Judge Rosenbluth's impartiality in this matter. See also Garret v. Apfel, 168 F.3d 498, 499 (9th Cir. 1999) (unpublished) (finding that ALJ's failure to comply with procedural requirements "does not reflect any bias against [plaintiff], but simply reflects an oversight").  Moreover, upon the Court's review, plaintiff's reply appears to largely reiterate arguments raised in his motion.  Thus, even had Magistrate Judge Rosenbluth considered plaintiff's reply, it seems unlikely that it would have altered her ruling on plaintiff's motion.

Accordingly, the Court **DENIES** plaintiff's request to disqualify Magistrate Judge Rosenbluth.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |