UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF'S MOTION TO SUBSTITUTE (Dkt. 74, filed July 8, 2016)

On July 8, 2016, plaintiff Robert Garber filed a motion entitled "Motion to Substitute Karen Fischer for terminated Defendants North-East Valley Health Corporation, Roland Giedraitis, DDS and Grace Soeun Hardy, DDS." Dkt. 74.[1] On July 18, 2016, the government filed an opposition, Dkt. 77, and on July 26, 2016, plaintiff filed a reply, Dkt. 81.[2]

In his motion, plaintiff seeks to substitute Karen Fischer ("Fischer"), an Executive Officer of the Dental Board of California, as a defendant in this action. Plaintiff contends that substitution of Fischer as a defendant in this action is appropriate pursuant to Federal Rule of Civil Procedure 25(c). Rule 25(c) relates to the substitution of parties where the

---

[1] The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 8, 2016, is vacated, and the matter is hereby taken under submission.

[2] Plaintiff styles his reply as "Plaintiff's motion to Strike [F.R.Civ.P. 12(f)] or in the Alternative His Reply to Defendants' Opposition." Dkt. 81. In this "reply" plaintiff appears to both attempt to respond to the government's opposition and request that the Court strike the government's opposition pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, plaintiff makes no showing that the government's opposition contains either an insufficient defense or "any redundant, immaterial, impertinent, or scandalous matter." Accordingly, to the extent defendant moves to strike the government's opposition, the Court DENIES this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-05867-CAS(JPRx) | Date | August 2, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA, ET AL. | | |

original party to a lawsuit transfers its interest during the litigation to another person or entity.  The rule states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).  "The Rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit."  Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial, Calif. & 9th Cir. eds., 7:366.  Here, there is no indication that the United States, or any of the other parties to this action, has transferred any interest to Fischer that would make her an appropriate party to this action.  Rather, the government represents that Fischer's only connection with this action is that she certified documents produced by the California Dental Board in response to one of plaintiff's subpoenas.  Opp'n., at 1.

Moreover, at base, plaintiff's motion appears to be yet another objection to the fact that, early in this litigation, the government certified that various named defendants were federal employees and, as such, the proper defendant in this action was the United States. In various filings, plaintiff has objected to the substitution of the United States as a defendant and contended that the originally named defendants should continue to be parties to this lawsuit.  However, the Court has now explained on numerous occasions that the United States Attorney has the authority to certify that a defendant in a lawsuit is a federal employee who was acting within the course and scope of their employment. And, under the Federal Tort Claims Act, the United States may defend all claims against federal employees acting within the course and scope of their employment.  See 28 U.S.C. § 2679(a); 42 U.S.C. § 233(a).  Accordingly, the Court again finds that plaintiff's objection to the substitution of the United States as a defendant in this action is unfounded.

For the foregoing reasons, the Court **DENIES** plaintiff's motion to substitute Fischer as a defendant in this action.
IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |