UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV15-5867-CAS(JPRx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert Garber, Pro Se | Sekret Sneed, AUSA |

**Proceedings:** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Filed 07/27/16)[78]

On July 27, 2016, defendant filed a motion for summary judgment with a scheduled hearing date of October 24, 2016. Dkt. 78. On August 1, 2016, plaintiff filed an ex parte request for a continuance of the hearing on defendant's summary judgment motion in order to obtain additional discovery. Dkt. 85. On September 28, 2016, the Court denied plaintiff's motion for a continuance without prejudice to be renewed at the October 24, 2016, hearing. Dkt. 103. To date, plaintiff has not filed an opposition to defendant's motion for summary judgment.

On October 24, 2016, the Court held oral argument on defendant's motion. In support of its motion for summary judgment, defendant submitted a declaration by Dr. Jacobs in which Dr. Jacobs offers opinions regarding the standard of care applicable to plaintiff's medical malpractice claim. See e.g. Dkt 78-8 ¶ 34. Dr. Jacobs, in his declaration, offers his opinion that defendant's dental treatment of plaintiff met the appropriate standard of care. Id. ¶¶ 50, 51, 54. During oral argument, plaintiff argued that he intended to oppose defendant's summary judgment motion, but was unable to do so until he had been able to depose Dr. Jacobs at the United States's expense. Plaintiff has, in effect, attempted to designate the government's expert as his own.

It appears that plaintiff, in reliance upon Federal Rule of Civil Procedure 26(b)(4), has sought to depose Dr. Jacobs as one of defendant's experts and to shift the cost of said deposition to the United States. See Dkt. 93. On August 31, 2016, Magistrate Judge Rosenbluth denied plaintiff's motion without prejudice, but ordered the defendant to file a non-binding declaration stating whether or not it planned to later designate Dr. Jacobs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5867-CAS(JPRx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | ROBERT GARBER V. UNITED STATES OF AMERICA | | |

as an expert who would testify at trial.  Id.  If the United States indicates an intent to rely upon Dr. Jacob's as an expert at trial, pursuant to Judge Rosenbluth's order, plaintiff may renew his deposition motion only after Dr. Jacob's has been formally designated and his report produced to plaintiff.  Id.  If the defendant indicates that it did not intend to rely upon Dr. Jacobs as an expert witness at trial, plaintiff may "immediately renew" his deposition motion so that the Court may then consider "whether special circumstances exist allowing for Dr. Jacobs's deposition at Defendant's expense."  Id.

On September 20, 2016, counsel for defendant filed a response to Judge Rosenbluth's August 30, 2016, order in which defendant declined to state whether or not it intended to designate Dr. Jacobs as an expert for use at trial.  Dkt. 98.  Instead, defendant argued that plaintiff must first designate an expert in compliance with Rule 26.  Id.

In light of the foregoing and in light of the parties' arguments, the Court orders as follows.

This matter is hereby continued until **December 12, 2016 at 10:00 a.m**.  Plaintiff is hereby ordered to file any opposition to defendant's motion for summary judgment no later than 21 days prior to December 12, 2016.  Defendant shall file a reply no later than 14 days prior to December 12, 2016.

In light of defendant's September 20, 2016, response to Judge Rosenbluth's order, plaintiff is free to renew his deposition motion before Judge Rosenbluth, or appeal Magistrate Judge Rosenbluth's ruling to this Court.

The parties are ordered to **attend arbitration before the Honorable Carla M. Woehrle prior to December 12, 2016**.

IT IS SO ORDERED.

|  | 00 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | CL | |